**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15-03419-CV-S-BP |
| | ) | |
| TIMOTHY O'LAUGHLIN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court are seventeen Motions filed by Defendant personally between January 11, 2021, and February 23, 2021. Defendant is currently hospitalized at the Federal Medical Center in Rochester, Minnesota, pursuant to a commitment under 18 U.S.C. § 4246 and is represented by appointed counsel.[1] This matter has been referred to the undersigned for processing and handling. A summary of the seventeen *pro se* motions follows:

1. January 11, 2021 Motion alleging his "legal representation is in violation of the 18 USCS § 4247(h) discharge statute overdue by one year [and] is to file the motion/petition of unconditional release from civil commitment." (Doc. 89.)

2. January 15, 2021 Motion arguing his "legal representation has been overdue filing the petition/motion 18 USCS 4247(h) discharge for unconditional release from civil commitment." (Doc. 91.)

3. January 19, 2021 Motion claiming his "legal representation is overdue by over one year for filing the petition/motion 18 USCS 4247(h) discharge" and asking to "initiate immediate inaffective (sic) assistance of counsel." (Doc. 93.)

4. January 26, 2021 Motion "insist[ing] that the representation file the long overdue 18 USCS 4247(h) discharge motion/petition filing ECF. Set him straight." (Doc. 94.)

5. January 29, 2021 Motion "request[ing]/demand[ing] a competency evaluation through assigned legal representation." (Doc. 95.)

---

[1] David R. Mercer, First Assistant Public Defender

6. February 1, 2021 Motion stating "legal representation is to file the 18 USCS 4247(h) discharge motion/petition" and that Defendant "may be experiencing inaffective (sic) assistance of counsel." (Doc. 96.)

7. February 2, 2021 Motion to "direct/order the legal representation to file the 18 USCS 4247(h) discharge hearing." (Doc. 97.)

8. February 4, 2021 Motion to "direct atty. David R. Mercer atty. for the Defendant file the 18 USCS 4247(h) discharge motion for the hearing for <u>unconditional release</u> from civil commitment immediately." (Doc. 98.)

9. February 5, 2021 Motion requesting "a recommendation to the Court for an unconditional release and [] the discontinuance of the involuntary injection of the medication," and alleging "inaffective (sic) assistance of counsel. Request a new criminal defense attorney." (Doc. 99.)

10. February 9, 2021 Motion stating "this court is now notified to unconditionally discharge me from civil commitment release from 18 USCS 4246 and/or to proceed me to the criminal docket," and referring to an 18 USCS 4247(h) motion. Defendant also alleges a Speedy Trial Act violation and ineffective assistance of counsel. (Doc. 100.)

11. February 9, 2021 Motion "for a court order to cease the involuntary use of medication and for [counsel] to start filing all of the appropriate motions that are overdue." (Doc. 101.)

12. February 12, 2021 Motion to "expunge the civil commitment case due to the material fact [Defendant] does not suffer from a mental disease and/or defect." (Doc. 102.)

13. February 16, 2021 Motion requesting "an order of unconditional release from civil commitment 18 USCS 4246. For failure to oppose and/or to defend against all of the pleadings /motions filed by" Defendant, arguing he "is being involuntarily medicated without a court order" and referring to a "physical assault failing a PREA Act violation reporting FMC." (Doc. 103.)

14. February 16, 2021 Motion "for an unconditional release from civil commitment for the failure to respond and/or defend against all of the pleadings/motions filed," alleging "inaffective (sic) assistance of counsel [who] must file the 18 USCS 4247(h) discharge now!" (Doc. 104.)

15. February 16, 2021 Motion for "authorization by the court to file my own 18 USCS 4247(h) discharge motion/petitions," or to "assign competent legal representation" based on alleged "inaffective (sic) assistance of counsel" and "conflict of interest, attorney may be so biased." (Doc. 105.)

16. February 22, 2021 Motion "for a summary judgement (sic) as a matter of default due to the neglect and/or failure to respond to civil action litigation" and alleging that the Government is "illegally/involuntarily medicating" him. (Doc. 106.)

17. February 23, 2021 Motion "for a summary judgement (sic) as a matter of default due to the neglect and/or failure to respond to civil action litigation [] concerning an assault on his person, the illegal involuntary forced medication," requesting twenty million dollars and unconditional release. (Doc. 108.)

## I.    Section 4247(h) discharge hearing

In several of the motions, Defendant moves the Court to order his counsel to file a motion for a discharge hearing. (Docs. 89, 91, 93, 94, 96, 97, 98, 99, 100, 101, 104.) As Defendant has been advised on multiple occasions, pursuant to 18 U.S.C. § 4247(h), he is not authorized to personally file a motion for a hearing to determine whether he should be released. Necessarily, it follows that the decision whether to file such a motion is to be made by counsel, and counsel should not file any motion if he believes it lacks merit or would be frivolous. *See Polk Cty. v. Dodson*, 454 U.S. 312, 323 (1981) ("Although a defense attorney has a duty to advance all colorable claims and defenses, the canons of professional ethics impose limits on permissible advocacy. It is the obligation of any lawyer—whether privately retained or publicly appointed—not to clog the courts with frivolous motions or appeals.) Here, Defendant's conclusory denials of the clear and convincing evidence supporting his commitment present nothing to cause the undersigned to second guess his attorney's decisions. *See United States v. O'Laughlin*, 695 F. App'x 172 (8th Cir. 2017) (affirming Defendant's commitment as factually supported); *see also* Annual Reports (docs. 45-1, 62-1) (reporting that Defendant's release would create a substantial risk of danger due to his mental illness and recommending his civil commitment be continued). Therefore, Defendant's motions to order counsel to file a motion for discharge hearing pursuant to Section 4247(h) will be denied.

3

As for Defendant's request for "authorization by the court to file my own 18 USCS 4247(h) discharge motion/petitions" (doc. 105), the law explicitly prohibits such authorization. *See United States v. O'Laughlin*, 934 F.3d 840, 841 (8th Cir. 2019) (Section 4247(h) requires that "motions for release from civil commitment be filed by an attorney or legal guardian for the committed person"), *cert. denied*, 140 S.Ct. 2535 (Mar. 23, 2020). Accordingly, this request will be denied

## II.     Claims of ineffective assistance of counsel/requests for substitute counsel

Defendant further argues that his attorney's decision to not file a motion for a discharge hearing constitutes ineffective assistance, or, in the alternative, that he should be assigned substitute counsel. (Docs. 93, 96, 99, 100, 104, 105.) As set forth in the prior paragraph, however, the record reflects that the order committing Defendant under Section 4246 was affirmed by the Eighth Circuit Court of Appeals as factually supported. And, the subsequent annual reports concerning Defendant's mental condition have strongly recommended his commitment remain in place. Thus, the undersigned finds no deficiency in defense counsel's performance, nor any basis for substitution of counsel.

## III.    Unauthorized motions by represented party

Defendant also "requests/demands a competency evaluation." (Doc. 95.) However, Defendant is represented by an attorney, and the Court "is not required 'to entertain pro se motions filed by a represented party.'" *United States v. Tollefson*, 853 F.3d 481, 485 (8th Cir. 2017) (citing *Abdullah v. United States*, 240 F.3d 683, 686 (8th Cir. 2001)). Any motion to the Court must be made by and through Defendant's attorney.

To the extent Defendant is arguing his rights under the Speedy Trial Act have been violated (doc. 100), as set forth in the previous paragraph, the Court will not entertain *pro se* motions filed

by a represented defendant.  In any event, the Speedy Trial Act does not apply to civil actions.  18 U.S.C. § 3161(a).

As for Defendant's request to expunge the civil commitment (doc. 102), again, the Court will not entertain *pro se* motions filed by a represented defendant.  Furthermore, there is no basis under the law to expunge a civil commitment under Section 4246.

Defendant also argues that because the Government did not file any responses to his pending Motions, the relief he has requested should be granted and/or he should be released. (Docs. 106, 108.)  Once again, the Court is not required to entertain these *pro se* motions, as Defendant is represented in this commitment proceeding.  And, in any event, the absence of a response by the Government to Defendant's baseless *pro se* Motions does not entitle him to relief by default.  Rather, the underlying Motions are being addressed as set forth in this Order.

### IV.    Claims related to conditions of confinement

Lastly, Defendant requests an order stopping the involuntary administration of medication and monetary damages.  (Docs. 99, 101, 103, 106, 108.)  Defendant also refers to a "physical assault failing a PREA Act violation reporting FMC."  (Doc. 103.)  Because these claims relate to the conditions of Defendant's confinement, the proper remedy for such challenges is for the confined person to bring a separate action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), as the alleged violators are federal actors. *Spencer v. Haynes,* 774 F.3d 467, 470 (8th Cir. 2014).  And, where the defendant is an officer or employee of the United States or any agency thereof acting in his official capacity, 28 U.S.C. § 1391(e) provides that the action may be brought in the judicial district where the defendant resides or where the events giving rise to the claim occurred.  Therefore, the proper venue for such claims is the District of Minnesota, where Defendant is confined and where the alleged violations

occurred.  Furthermore, Defendant has in fact brought such an action in the District of Minnesota, which is currently pending.  *See O'Laughlin v. FMC*, 0:20-cv-02641-SRN-LIB, commenced in D. Minn. on Dec. 21, 2020.  Therefore, dismissal without prejudice of the claims raised in this Court is appropriate pursuant to 28 U.S.C. § 1406(a).

## V.  Conclusion

Based on the foregoing, Defendant's claims alleging involuntary administration of medication and physical assault at the Federal Medical Center in Rochester, Minnesota are **DISMISSED** without prejudice for improper venue.  All other relief requested in the seventeen *pro se* Motions is **DENIED** without prejudice. The Clerk's Office is directed to send a copy of this Order to Defendant via regular mail.

**IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: March 1, 2021

6