IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 15-03419-CV-S-BP |
| | ) | |
| TIMOTHY O'LAUGHLIN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECCOMENDATIONS, AND DENYING DEFENDANT'S MOTIONS FOR ORDER FOR UNCONDITIONAL RELEASE AND PRODUCTION OF EVIDENCE**

On October 7, 2015, the Government filed a petition for this Court to evaluate Timothy O'Laughlin's mental status after he had been found incompetent to stand trial on criminal charges brought against him. (Doc. 1.) The Government's petition was granted, and Mr. O'Laughlin has been in the custody of the Bureau of Prisons pursuant to 18 U.S.C. § 4246 since then.

Upon the filing of the original petition, the Federal Public Defender (the "FPD") was appointed to represent Mr. O'Laughlin in these proceedings, (Doc. 2), and that office has represented Mr. O'Laughlin's interests ever since. And, since the original 2015 petition was filed, attorneys from the FPD's Office have filed motions and documents on his behalf. In addition, Mr. O'Laughlin has filed numerous *pro se* motions, sometimes multiple motions in the course of a week. Recently, Mr. O'Laughlin filed two *pro se* motions, requesting (1) discharge from the facility where he is committed and (2) production of the evidence that justifies his continued commitment, with both motions citing 18 U.S.C. § 4247(h). (Doc. 178; Doc. 179.) On June 8, 2022, the Honorable David P. Rush, United States Magistrate Judge for this District, issued a Report recommending that these motions be denied. The FPD filed an objection to Judge Rush's Report and Recommendation, (Doc. 184), and the Government has responded. (Doc. 188.) Upon

*de novo* review, the Objection is overruled, Judge Rush's Report and Recommendation is adopted as the Order of the Court, and Mr. O'Laughlin's *pro se* motions are **DENIED.**

A committed person may be released upon the certification of the director of the facility where the individual is hospitalized. 18 U.S.C. § 4241(e). 18 U.S.C. § 4247(h), which Mr. O'Laughlin relies on, also provides that

> [r]egardless of whether the director of the facility in which a person is committed has filed a certificate . . . counsel for the person or his legal guardian may, at any time during such person's commitment, file with the court that ordered the commitment a motion for a hearing to determine whether the person should be discharged from such facility, but no such motion may be filed within one hundred and eighty days of a court determination that the person should continue to be committed.

Judge Rush's Report notes § 4247(h) specifically provides that a person's attorney or guardian may move for a hearing to determine whether the individual can be discharged from the facility in which he is committed. The statute does not provide an avenue by which the committed individual can move, *pro se*, for his discharge. And, in a prior appeal involving Mr. O'Laughlin, the Eighth Circuit agreed with this interpretation of § 4247(h) and further held that the Sixth Amendment does not provide a committed individual with the right to proceed *pro se*. *United States v. O'Laughlin*, 934 F.3d 840 (8th Cir. 2019).

In his Objection, (Doc. 184), Mr. O'Laughlin argues that he has a liberty interest in being released from civil commitment, and that by denying his motions because they were filed *pro se* the Court is depriving him of his Fifth Amendment rights to due process, to counsel, and to access to the courts. He analogizes to cases from the criminal context which rely on the Sixth Amendment (such as *Faretta v. California*, 422 U.S. 806, 820 (1975)) to argue a statutory restriction precluding him from representing himself violates Due Process. Mr. O'Laughlin raises the possibility of "a wholesale failure by an attorney statutorily appointed to represent a defendant committed under

2

the mental health statutes" and contends that the "[i]f the sole avenue of relief from an indefinite commitment . . . is restricted to the defendant's ineffective attorney, the defendant's access to the courts is extinguished without remedy." (Doc. 184, p. 9.) He also posits the possibility that a committed person might not have counsel or a guardian and in that case would be completely foreclosed from seeking his release.

The Court does not agree. First, to the extent Mr. O'Laughlin argues about eventualities in other cases, those eventualities are not present here. He does not have a legal guardian, but the FPD has been appointed to represent him so there is somebody appointed to seek his release should circumstances warrant. There is also no suggestion that the FPD has failed to act on Mr. OLaughlin's behalf (by, for instance, failing to seek his release when such recourse appeared possible).

The Court further notes that Mr. O'Laughlin's access to the court is not completely curtailed. He (and any other committed individual) is free to file documents with the Court, including to raise concerns that his attorney is not acting on his behalf by seeking his release. This process is not different from the process available to criminal defendants who have appointed counsel, who retain the ability to raise concerns about their representation with the court.[1] And as the Government points out, (Doc. 188, p. 6), a committed individual may seek habeas relief.[2]

It is true that, unlike a criminal defendant, Mr. O'Laughlin is statutorily denied his right to terminate all representation and proceed *pro se*. However, a criminal defendant's right to proceed *pro se* is tied to the Sixth Amendment right to representation and not to any Due Process rights

---

[1] The Court's statement should not be construed as a holding that a committed individual has the right to new counsel when s/he requests, or a right to counsel of his/her choice.

[2] The Court further notes that it regularly receives reports assessing Mr. O'Laughlin's status. (*E.g.*, Doc. 45; Doc. 62; Doc. 169; Doc. 176.)

3

s/he may possess. *E.g., Faretta*, 422 U.S. at 819-20. There is also no decision holding that a person who has been found incompetent has a Due Process right to proceed *pro se* in future proceedings related to his or her competency.

18 U.S.C. § 4247 (h) does not permit Mr. O'Laughlin to file *pro se* motions for a discharge hearing. This does not infringe upon his rights to due process under the Fifth Amendment. The Court finds that even though §4247(h) does not provide an avenue for Mr. O'Laughlin to file *pro se* motions for his release, he still has sufficient access to the courts. The Court adopts Judge Rush's Report and Recommendations (Doc. 181), and the two *pro se* motions at issue (Doc. 178, Doc. 179) are hereby **DENIED**.

**IT IS SO ORDERED.**

Date: September 9, 2022

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT